IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WANDA LANDELIUS                                                                          PLAINTIFF

V.                                      NO. 13-5025

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Wanda Landelius, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.   **Procedural Background:**

Plaintiff filed her current applications for DIB and SSI on August 3, 2010, alleging an inability to work since June 20, 2010, due to back problems, diabetes, high blood pressure, neuropathy, chronic fatigue, stress, and anxiety. (Tr. 100-101, 107-111, 177, 181). An administrative hearing was held on March 9, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 21-40).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

-1-

By written decision dated March 16, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - chronic high blood sugars due to inability to afford medication without significant end organ damage. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). (Tr. 14). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was capable of performing her past relevant work as a hand packager. (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on January 5, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.

3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national

economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff makes the following arguments on appeal: 1) The ALJ erred by not accurately reflecting Plaintiff's daily living activities; and 2) The ALJ erred by disregarding medical records. (Doc. 11).

Plaintiff first argues that this is a case of inaccurate decision writing, alleging that since she could not perform her past work sitting, it was very hard to imagination how she will do it standing at least 6 hours in an 8 hour workday.

At the hearing, Plaintiff testified that in her position as packager of fish lures, she would pick up the work, take it home, and used a hand stapler to package the lures. (Tr. 30). The VE testified that Plaintiff indicated she has performed the job duties of a hand packager of plastics, in particular fishing lures, "which would be DOT code 559.687-074, which is listed at the light exertional level with an unskilled SVP:2." (Tr. 27). The VE correctly noted that this is considered light work, which is consistent with the ALJ's RFC Assessment. In addition, as noted by Defendant, Social Security regulations state, and the Eighth Circuit Court of Appeals has affirmed, that a claimant will be found not disabled if she can perform either the demands of her past work as she actually performed it, or the demands of that job as it is generally performed in the national economy. See 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); Jones v. Chater, 86 F.3d 823, 826 (8th Cir. 1996). Accordingly, substantial evidence supports a finding

that even if Plaintiff was limited to sedentary work rather than light work, she could perform her actual past work as a hand packager.

Plaintiff also argues that the ALJ misstated her activities of daily living. The ALJ reported that she lives in a mobile home with her husband; spends her day watching television, cooking, cleaning if she feels like it and resting; has no problems with personal care except for needing assistance in and out of the bathtub; prepares her own food, mainly sandwiches and occasional meals; does laundry and some cleaning; is able to drive and go shopping in stores for groceries and household items; is able to sew although not as much as she would like; and spends time with others and goes to church regularly. (Tr. 15). In fact, in her Function Report - Adult, dated August 21, 2010, Plaintiff reported that on a daily basis, she takes her medication, cooks, maybe cleans if she feels like it, watches television, keeps her legs elevated as much as possible, does some laundry and some cleaning, and shops for groceries and supplies one or two times a week. (Tr. 169-172). Plaintiff also indicated that she goes to church sometimes. (Tr. 155). The Court does not believe the ALJ misstated Plaintiff's daily activities. On the contrary, the record supports his findings.

With respect to Plaintiff's inability to afford her diabetes medication, Plaintiff indicated that her doctor tried her on different medications, and that the cheaper ones caused diarrhea, and that the Actos tablets were too expensive. (Tr. 38-39). Plaintiff testified that Dr. Haas, at the free clinic, said she would have to take insulin injections if her pancreas did not produce insulin. Dr. Haas did a blood test, which revealed that her pancreas did produce insulin, so he put her on tablets. (Tr. 28). She testified that her last appointment with Dr. Haas was January 4, 2011, and that as of the hearing date (March 9, 2012), she had not seen any doctor or nurse or practitioner

at all about her diabetes. (Tr. 28). As noted by Defendant, the fact that prescribed treatment causes diarrhea is not one of the acceptable reasons listed in the Commissioner's regulations that would excuse Plaintiff's failure to take prescribed medication. See 20 C.F.R. § § 404.1530(c), 416.930(c). Therefore, Plaintiff's failure to follow prescribed treatment is a factor weighing against her. Wildman v. Astrue, 596 F.3d 959, 965 (8th Cir. 2010).

Plaintiff argues that the ALJ improperly analyzed the medical records and physician's opinions, giving too much weight to Dr. Stephanie Frisbee. The medical records are minimal in this case. On October 5, 2010, Plaintiff underwent a General Physical Examination at the request of the agency. (Tr. 208-211). The Court first notes that the examination conducted on October 5, 2010, appears to have been performed by Marie Pham-Russell, who is a licensed nurse practitioner, rather than by Dr. Stephanie Frisbie. There is no indication that anyone other than Maria Pham-Russell performed the examination. In another case that was before the undersigned, Johnson v. Colvin, NO. 12-2310 (W.D. Ark., Jan. 16, 2014), Ms. Pham-Russell had performed the general examination for Dr. Rebecca Floyd. In that case, Defendant advised the undersigned that the Regional Supervisory Attorneys contacted state disability determination services (DDS) administrative officials to inquire whether allegations from other litigants that Ms. Pham-Russell was performing the consultative examinations completely on her own was true. The DDS officials had already become aware of the allegation and had revoked Dr. Floyd's contract to conduct consultative examinations based upon the allegations. It appears the same thing has happened in this case. However, as was found in Johnson, the undersigned finds that Ms. Pham-Russell's report and examination may, in fact, be considered as evidence from "other sources" as contemplated in the regulations. See 20 C.F.R. § § 404.1514(d), 416.914(d). The

-6-

Eighth Circuit has held that in certain circumstance, the ALJ <u>may</u> give the opinion of a non-acceptable medical source greater weight than to the opinion of an "acceptable medical source." Van Vickle v. Astrue, 539 F.3d 825, 829 (8th Cir. 2008).

In this case, the ALJ also have before him the Physical RFC Assessment dated October 25, 2010, by non-examining consultant, Dr. Jerry Thomas, who found that Plaintiff would be able to perform medium work. (Tr. 215). In addition, on January 4, 2011, Plaintiff presented herself to the Cooper Clinic, where it was noted that she was last seen in September of 2009, and she was to follow-up in February of 2010, but was a no-show. (Tr. 232). It was reported that Plaintiff had reasonable range of motion of the spine, that x-rays of the LS spine showed evidence of a mild degenerative disc disease of the LS spine, with disc space narrowing at L5-S1, there were no fractures or dislocations, there was normal lordotic curvature, no scoliosis or spondylolisthesis, and her bone health overall was good. (Tr. 233).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's analysis of the medical records, and the weight given to the opinions.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 31st day of March, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE